PER CURIAM.
The ruling of the trial court is reversed.
The suppression of the statements that were “blurt[ed] out,” as the trial court found, runs contrary to this court’s ruling in State v. George, 371 So.2d 762, 766-371 (La.1979) (“[The] defendant was not subjected to police interrogation while in the patrol car enroute to jail. The inculpatory statements made by defendant were spontaneous and voluntary.... Under these circumstances ... the inculpatory statements and/or confessions were properly admitted in evidence.”). The trial court’s ruling also runs contrary to the larger body of jurisprudence on voluntariness. See Colorado v. Connelly, 479 U.S. 157, 107 S.Ct. 515, 93 L.Ed.2d 473(1986) (a defendant’s mental condition, “by itself and apart from its relation to official coercion” does not render a confession involun *1240 tary under the Due Process Clause). See also State v. Green, 94-0887 (La.5/22/95), 655 So.2d 272. In Green, noting that vol-untariness of a confession is an issue separate from the Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), analysis, this court ruled that a confession by a juvenile with mental retardation was voluntarily made. To prove a confession was involuntary required a showing of “misconduct or overreaching by the police.” Green, 94-0887, 655 So.2d at 280 n. 7 (quoting State v. Schrader, 518 So.2d 1024, 1027 (La.1988)).